# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HARDIN, JR., <br><br>            Petitioner, <br><br>      v. <br><br> FEDERAL COURT, FRESNO, <br><br>            Respondent. | Case No.  1:14-cv-00248-SAB-HC <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS <br><br> ORDER DENYING MOTION FOR PRIVATE INVESTIGATOR [ECF No. 4] <br><br> ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE <br><br> ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Petitioner is currently incarcerated at Wasco State Prison pursuant to a 2014 judgment of the Kern County Superior Court on a conviction for murder.

## I.

## DISCUSSION

**A.     Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner

1

is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.      Failure to State a Cognizable Federal Claim**

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In this case, Petitioner complains that a sheriff at the Kern County Sheriff's Department is negligent in law enforcement. He asks that the Court not permit the sheriff to receive his retirement plan. He further alleges that the state-funded residential home called "Griffin's Gate" should be shut down because it enables gang activity. He also claims that the sheriff is allowing an illegal and corrupt government gang to exist called the "Good Ole Boys." He states that this gang conducts organized crime. He requests that the Court hire investigators to verify his complaints.

Petitioner's claims do not challenge his conviction or sentence. They are therefore not cognizable in a federal habeas action. Moreover, a federal district court is not invested with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984)

(11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). The Court is without subject matter jurisdiction to consider his claims. They are more appropriately brought to the attention of law enforcement, such as the Federal Bureau of Investigation. The petition must be dismissed.

**C.     Motion for Private Investigator**

On March 13, 2014, Petitioner filed a motion for a private investigator. As discussed above, the petition will be dismissed for lack of jurisdiction. Therefore, Petitioner's motion will be denied.

## II.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>         (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his

1 constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED;

2. Petitioner's motion for a private investigator is DENIED;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 24, 2014**

UNITED STATES MAGISTRATE JUDGE

4